IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD ANDREW WHITE,

    Petitioner,               No. CIV S-07-2483 LEW JFM P

    vs.

THE STATE OF CALIFORNIA,

    Respondent.            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        On the form petition, petitioner has written that he "seeks relief pursuant to 42 U.S.C. § 1983." (Pet. at 1.) In ground one, petitioner alleges a "violation [of] equal protection due process 28 U.S.C. § 2254 and 28 U.S.C. § 1983 criteria status," stating

> [t]he District court can't delete the appellant criminal or federal cause committed offense amend legislation and prior and at 1987 status away as well the entitle fines, bails, and appeal as well the filing civil complaint criteria period cause[s] equal protection violation, double jeopardy. [sic]

(Pet. at 5.) In ground two, petitioner alleges "state of California Legislature entitle amended 28 U.S.C. 2254, 28 U.S.C. 1983 criteria," alleging

> appellant shall be compensated entitle filing fees to 28 U.S.C.
> § 2254 $5.00 dollars and 28 U.S.C. § 1983 $350.00 entitle filing
> fees that apply to the rules of District Court amended status 1996.
> Starts prior and at 1987 Legislation amendment CV01204-
> AWIWMW, CV01743 LKK DAD, CVS071218 LKK GGH P.[1]
> [sic]

(Pet. at 5.)

While not entirely clear, it appears petitioner is attempting to challenge the constitutionality of court orders requiring petitioner to pay filing fees even though he is entitled to proceed in forma pauperis.[2] Because this does not challenge the fact of his conviction or the duration of his confinement, the action was not properly brought as a petition for writ of habeas corpus. Federal civil rights claims must be brought, if at all, under the Civil Rights Act, 42 U.S.C. § 1983.[3] Accordingly, the petition will be dismissed and petitioner will be granted leave to file a civil rights complaint. However, should petitioner wish to avoid incurring an additional $350.00 filing fee, he may, in the alternative, file a request to voluntarily dismiss this action. Petitioner is cautioned that failure to file a civil rights complaint or a request to voluntarily dismiss this action will result in a recommendation that this action be dismissed.

Although petitioner filed his action on the petition for writ of habeas corpus form, the form makes clear he is not attempting to challenge his underlying criminal conviction. An attachment to the petition reflects that petitioner was convicted in the Los Angeles County

---

[1] Court records reflect that petitioner was assessed the $350.00 filing fee in F-07-1204 AWI WMW P and 07-1218 LKK GGH P, and in CIV S-07-1743 LKK DAD P, petitioner's request to proceed in forma pauperis was denied and the action dismissed based on failure to exhaust administrative remedies prior to filing in federal court.

[2] Title 28 U.S.C. § 1915(b)(1) requires courts to impose the filing fee: "Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." Id.

[3] Petitioner is advised that the federal court filing fee for a civil rights action is $350.00, see 28 U.S.C. § 1914, and that, should he file a civil rights complaint, he will incur a liability in the full amount of that fee even if he is granted leave to proceed in forma pauperis with such an action. See 28 U.S.C. § 1915.

1  Superior Court. While both this Court and the United States District Court in the district where
2  petitioner was convicted have jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S.
3  484 (1973), any and all witnesses and evidence necessary for the resolution of petitioner's
4  application are more readily available in Los Angeles County. Id. at 499 n.15; 28 U.S.C.
5  § 2241(d). In addition, all challenges to petitioner's criminal conviction must be raised, if at all,
6  in one federal habeas corpus action filed in the district of conviction. See Rule 2, 28 U.S.C. foll.
7  § 2254. In addition, "[a] petitioner for habeas corpus relief must name the state officer having
8  custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21
9  F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Petitioner has named the
10 state of California as respondent in this action. This individual is not the proper respondent in a
11 habeas action. Finally, court records indicate that petitioner has filed at least one petition for writ
12 of habeas corpus in the United States District Court for the Central District of California.[4] White
13 v. State of California, 07-5507 RSWL (Central District, California 2007)(dismissed as time-
14 barred on November 20, 2007.) For all of the above reasons, the instant petition for writ of
15 habeas corpus will not be transferred to the Central District at this time.

16              Therefore, IT IS HEREBY ORDERED that:

17              1. Petitioner's application for writ of habeas corpus is dismissed.

18              2. Petitioner is granted thirty days from the date of service of this order to file a
19 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
20 Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned
21 this case and must be labeled "Complaint"; plaintiff must file an original and two copies of the
22 complaint.

23              3. In the alternative, petitioner may file a written request to voluntarily dismiss
24 this action.

---

[4] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4. Petitioner is cautioned that failure to timely file a civil rights complaint or a request to voluntarily dismiss this action will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send petitioner the court's form for filing a civil rights complaint.

DATED: January 24, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; whit2483.114