IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD ANDREW WHITE,

    Petitioner,                    No. CIV S-07-2483 LEW JFM P

    vs.

THE STATE OF CALIFORNIA,

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

          Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

          By order filed January 25, 2008, petitioner was granted thirty days in which to file an amended petition or civil rights complaint to clarify the nature of the relief he seeks. Petitioner has now filed an amended complaint. Although not entirely clear, it appears petitioner seeks to vacate prior court orders requiring the payment of filing fees and remove holds on his prison trust accounts. Plaintiff refers to three cases filed in this district: F-07-1204 AWI WMW P, 07-1218 LKK GGH P, and CIV S-07-1743 LKK DAD P.[1] As noted in this court's earlier order, court records reflect that petitioner was assessed the $350.00 filing fee in Case Nos. F-07-

---

[1] A court may take judicial notice of court records. See <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1

1204 AWI WMW P and 07-1218 LKK GGH P.  In CIV S-07-1743 LKK DAD P, petitioner's request to proceed in forma pauperis was denied and the action was dismissed based on failure to exhaust administrative remedies prior to filing in federal court.  It does not appear petitioner was assessed the filing fee in Case No. CIV S-07-1743 LKK DAD P.

Petitioner is advised that this court does not have supervisory authority over the judges who directed the filing fee be assessed.[2]  Accordingly, petitioner must file any request for reimbursement or request to vacate such a filing fee order in the case in which the order assessing the filing fee was issued.  Because petitioner's request to be compensated for the filing fees imposed in the cases recited above fails to state a cognizable civil rights claim pursuant to 42 U.S.C. § 1983, the court will recommend that this action be dismissed.

To the extent plaintiff contends the imposition of the filing fee is unconstitutional, plaintiff's claim fails as well.  The Prison Litigation Reform Act (PLRA) "certainly passes constitutional muster."  Madrid v. Gomez, 190 F.3d 990 (9th Cir. 1999).  The PLRA has a rational basis and does not violate indigent prisoners' equal protection rights by requiring them, unlike nonincarcerated indigents, to prepay court filing fees; Act's filing fee provisions rationally address problem of excessive and frivolous prisoner lawsuits, and inmates are not suspect class so as to require more exacting scrutiny.  Nicholas v. Tucker, 114 F.3d 17 (2nd Cir. 1997), cert. denied sub nom, Nicholas v. Miller, 523 U.S. 1126, 118 S.Ct. 1812 (1998); see also Roller v. Gunn, 107 F.3d 227 (4th Cir. 1997), cert. denied, 522 U.S. 874, 118 S.Ct. 192 (1997).[3]

---

[2] Title 28 U.S.C. § 1915(b)(1) requires courts to impose the filing fee: "Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."  Id.

[3] "Seven circuits have addressed the related issue of whether requiring prisoners to pay fees violates a prisoner's access to the courts.  See Tucker v. Branker, 142 F.3d 1294, 1297 (D.C.Cir.1998); Lucien v. DeTella, 141 F.3d 773, (7th Cir.1998); Shabazz v. Parsons, 127 F.3d 1246, 1248-49 (10th Cir.1997); Norton v. Dimazana, 122 F.3d 286, 289-91 (5th Cir.1997); Nicholas v. Tucker, 114 F.3d 17, 21 (2d Cir.1997); Roller v. Gunn, 107 F.3d 227, 231-33 (4th Cir.1997); Hampton v. Hobbs, 106 F.3d 1281, 1284-86 (6th Cir.1997).  All seven have held that requiring prisoners to pay a filing fee does not deny a prisoner effective access to the courts."  Rodriguez v. Cook, 169 F.3d 1176 (9th Cir. 1999).

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed. Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; whit2483.56