IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD ANDREW WHITE,

    Petitioner,          No. 2:07cv2483-JAM-JFM (HC)

    vs.

THE STATE OF CALIFORNIA,

    Respondent.          <u>ORDER</u>

_____/

    On June 23, 2008, petitioner filed a motion for reconsideration. Although not entirely clear, it appears petitioner seeks reconsideration of the dismissal of this action. This action was dismissed on April 24, 2008, and judgment was entered that same day.[1]

<u>Standards For Motions To Reconsider</u>

    Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other

---

[1] The court notes that the dismissal of this action was without prejudice.

1

1   grounds exist for the motion."  The rule derives from the "law of the case" doctrine which
2   provides that the decisions on legal issues made in a case "should be followed unless there is
3   substantially different evidence . . . new controlling authority, or the prior decision was clearly
4   erroneous and would result in injustice."  <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d
5   391, 392 (9th Cir. 1981); <u>see also</u> <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert.</u>
6   <u>denied</u>, 475 U.S. 1064 (1986).

7   Courts construing Federal Rule of Civil Procedure 59(e), providing for the
8   alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle
9   permitting the unsuccessful party to "rehash" arguments previously presented, or to present
10  "contentions which might have been raised prior to the challenged judgment."  <u>Costello v. United</u>
11  <u>States</u>, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); <u>see also</u> <u>F.D.I.C. v. Meyer</u>, 781 F.2d 1260, 1268
12  (7th Cir. 1986); <u>Keyes v. National R.R. Passenger Corp.</u>, 766 F. Supp. 277, 280 (E.D. Pa. 1991).
13  These holdings "reflect[] district courts' concerns for preserving dwindling resources and
14  promoting judicial efficiency."  <u>Costello</u>, 765 F.Supp. at 1009.

15  Federal Rule of Civil Procedure 59(b) requires that "any motion for new trial shall
16  be filed no later than 10 days after entry of the judgment."  <u>Id.</u>  The computation of this ten day
17  period excludes weekends and holidays.  Fed. R. Civ. P. 6(a).  Excluding weekends and holidays,
18  petitioner's motion was due May 8, 2008.  Petitioner delivered his request to prison officials for
19  mailing on June 19, 2008.  Under the mailbox rule, June 19, 2008 is considered the filing date of
20  the request.  <u>See</u> <u>Stillman v. Lamarque</u>, 319 F.3d 1199, 1201 (9th Cir. 2003).  Plaintiff's motion
21  was filed 42 days after the entry of the dismissal order and judgment.  Plaintiff's motion must,
22  therefore, be denied as untimely.

23  To the extent, however, that petitioner seeks reconsideration of the magistrate
24  judge's order filed June 11, 2008, denying petitioner's motion to correct the record, the motion is
25  timely.  Pursuant to E.D. Local Rule 72-303(f), a magistrate judge's orders shall be upheld unless
26  "clearly erroneous or contrary to law."  Upon review of the entire file, the court finds that it does

not appear that the magistrate judge's June 11, 2008 ruling was clearly erroneous or contrary to law.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's June 23, 2008 motion for reconsideration of the April 28, 2008 order dismissing this action is denied as untimely; and

2. Upon reconsideration, the order of the magistrate judge filed June 11, 2008, is affirmed.

DATED: October 14, 2008

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

/whit2483.850

3